Darrell Lee ROBERTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15289.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

H. G. Tolbert, Watonga, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., and William M. Bonnell, Asst. Attys. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in error, hereinafter referred to as defendant, Darrell Lee Roberts, was charged by Information in the District Court of Blaine County, Oklahoma, with the crime of Unlawful Possession of Stimulants. On April 8, 1969, the jury returned a verdict finding defendant guilty, and assessed his punishment at confinement in the County Jail for one (1) year. From that judgment and sentence this appeal was lodged. Judgment and sentence is reversed.

The facts briefly stated reveal that on January 7, 1969, defendant's pickup truck was stopped by Highway Patrol Officer Wayne Morgan inside the City limits of Watonga, Oklahoma because of a faulty tail-light. Mr. Richard Smith, Chief of the Watonga Police Reserve, was riding with the Highway Patrolman when defendant was arrested.

Upon signal from the Trooper, defendant pulled his vehicle to the side of the street and stopped. The patrol car stopped a few feet behind the defendant's vehicle, and defendant dismounted from his truck and met the Trooper between the two vehicles. Defendant produced his driver's license upon request, and about that time, Chief Smith joined the two men. After a brief period the three men got into the Trooper's vehicle presumably to complete the arrest citation. The Trooper testified that while they were in his vehicle he smelled the odor of intoxicating liquor and asked defendant if he had been drinking. Defendant admitted to drinking some beer.

The three men left the patrol car and went first to the left side of the truck cab,

and then to the right hand side of defendant's vehicle and the Trooper continued his search of the pickup truck. He found an open bottle under the right hand seat of the pickup; and then pulled the backrest to the vehicle seat forward and saw lodged in the springs a plastic bag containing three bottles of liquid, a syringe and needle. Defendant immediately denied that the bottles were his property. Notwithstanding defendant's denial, it appears from the record that defendant was taken to the county jail where he was turned to the custody of the jailer.

The materials found in the pickup truck were kept in the locked Highway Patrol car until the next morning, when the Trooper took them to the District Attorney's Office, marked them and placed them in a "Roi-Tan" cigar box, which was sealed with scotch tape. Some ten days later, Sheriff Hugh Compton delivered the evidence to the State Bureau of Investigation for analysis. The Analysis verified that the substance in the bottles was "Amphetamine Sulphate" a stimulant.

Defendant offered only one witness in his defense. The District Court Clerk was called and was identified as the custodian of the court records. Defense counsel inquired: "Have you made a search of those records from January 7, 1969, until the present time having to do with the defendant, Darrell Roberts?" The Court Clerk answered, "Yes." She was then asked, "Do you find any cases filed against this defendant wherein he was charged with drunkenness or drunk driving during that period of time?" Her answer was, "NO."

Defendant cites nineteen errors in his Petition in Error, but discusses them under nine propositions. In his eighth proposition, defendant complains that the search and seizure was unlawful. The record clearly reveals that defendant's pickup truck was stopped because of a faulty taillight; and the record is completely devoid of any testimony which indicates that defendant was considered to be intoxicated, or

that either of the two men in the patrol car considered defendant's driving to have been erratic. The Trooper's only reference to intoxicants came about when he testified, "Well, I could smell something that smelled like intoxicants." This was clarified when Mr. Smith testified, "Yes, and I believe he [Trooper Morgan] asked if he had been drinking, because you could smell something on him. I could. And he [defendant] said yes, he had had some beer; and Trooper Morgan said he was going to look in his pickup. * * *" But, as we review the record, there is nothing to indicate that either of the two men considered defendant to be under the influence of intoxicants; it seems pertinent too, that defendant was not administered any type of sobriety test, and was not subsequently charged with drunkenness or with drunk driving.

The United States Supreme Court recited in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777:

"Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible."

And also;

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime."

But in this case no crime was alleged to have been committed. Defendant was stopped because of faulty vehicle equipment, when suspicion entered the matter. But a lawful search and seizure cannot be premised upon "suspicion alone". On the other hand, had defendant been stopped because of erratic driving, the smell of intoxicants would have been a substantiating circumstance.

       Defendant asserts what he describes to be the "person and reach rule" set forth in Chimel v. California, 395 U.S.

752, 89 S.Ct. 2034, 23 L.Ed.2d 685, which was also stated in Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), to be applicable; however, we do not choose to apply that rule to the facts of this case; also, because there have been attempts to "misapply" the rule of Fields v. State, *supra,* especially in those instances wherein the person apprehended is clearly intoxicated; and for his own protection the person is placed in the patrol car. It has been asserted in such a case that the only legal search—to preserve evidence—was where the "drunk" sat in the Patrol Car. That was not the intent of the rule stated in Fields v. State, *supra.* Under such proper circumstances, when the person is obviously intoxicated, the arresting officer may lawfully search in the driver's seat for evidence to sustain *his belief* that the person is intoxicated, and that he may have an open-bottle in the front seat with him. But even this situation cannot be premised upon "suspicion only". There must be other facts and circumstances which form "good reason"—in the mind of the arresting officer—to constitute probable cause to justify the search and seizure, without a warrant, incident to the arrest. Some of those circumstances may be: The person staggered when he walked; smelled of intoxicating liquor; drove his vehicle in an erratic manner; his clothing was disarrayed, etc., but suspicion alone is not sufficient. Cf. McCormick v. State, Okl.Cr., 277 P.2d 219 (1954).

However, in the instant case, none of those circumstances are present, except for the smell of intoxicating liquor. It is presumed from the record that the defendant was placed in the patrol car to facilitate the execution of the citation for a faulty tail-light. As defense counsel argues, the speeding element is subject to some question, because the officer was required to drive faster than defendant was driving in order to catch up with him. So, we place little significance to that element of the testimony.

We look therefore to the reasonableness of the search of defendant's pickup. Defendant's violation ordinarily warrants a citation for faulty equipment. Very seldom is a citizen placed in custody for such a minor infraction, unless coupled with other more severe violations. Likewise, drinking beer and smelling of liquor—standing alone—are not violations of the law. Admittedly, either or both elements coupled with other erratic actions on the citizen's part, and especially that of erratic driving, are circumstances to be considered in reaching a conclusion that the person is intoxicated. However, in that instance, the person is usually booked, and subsequently charged with drunkenness, or with driving while under the influence of intoxicating liquor. But, in this case, the defendant was not charged with either offense; and the record is silent concerning why defendant was placed in jail, unless it was because of the possession of the stimulants and open bottle. But there was no testimony offered to substantiate the belief that the defendant appeared to be intoxicated. Instead, the search of the defendant's vehicle was allegedly premised upon "the odor of intoxicants", which standing alone is not sufficient reason to justify the thorough search of the vehicle, as was done in this case.

The foregoing facts, coupled with what defendant asserts to be a conflict of testimony, between that of Trooper Morgan and Mr. Smith, seems to cause the reasonableness justifying the search to become even less convincing. The Trooper testified that he and Mr. Smith might have discussed the rumors related to defendant and the "horse-hop"; however, Mr. Smith couldn't remember any such discussion. Also, the record is not entirely clear, and there exists some question concerning whether or not the defendant's "Miranda Rights" [1] were properly explained to him.

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974 (1966), which requires explanation of the accused's Constitutional Rights at time of arrest.

Mr. Smith joined the Trooper and the Defendant soon after they both reached the spot between the two vehicles, but Mr. Smith testified that he did not hear such explanation being given to defendant. There appears to be no contention that those warnings were given to defendant at the time of the search.

We specifically refer to that portion of Chimel v. California, *supra,* wherein the United States Supreme Court stated:

"Thus, although '[t]he recurring questions of the reasonableness of searches' depend upon 'the facts and circumstances —the total atmosphere of the case,' [citations omitted] those facts and circumstances must be viewed in the light of established Fourth Amendment principles."

Any search, incident to an arrest, must be premised upon probable cause. In the instant case, we fail to find the probable cause, sufficient to warrant the search of defendant's vehicle incident to the arrest. We do not assert that the arrest for a faulty tail-light was a subterfuge to search defendant's vehicle, but we do believe that the testimony given at defendant's trial was not sufficient to show that probable cause required to justify the search and seizure of defendant's vehicle, under the facts and circumstances given.

Therefore, for the reason herein stated, we are of the opinion that defendant's objections to the introduction of the bottles of stimulant as evidence should have been sustained, as being the fruits of an illegal search and seizure; and therefore, defendant's conviction in the District Court of Blaine County, case No. 12,403, should be reversed and remanded.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.