Leonard YELLOWEAGLE, Jr.,
Appellant,

v.

The STATE of Oklahoma,
Appellee.

No. F–76–182.

Court of Criminal Appeals of Oklahoma.

June 21, 1976.

C. B. Graft, Graft and Rodolph, Clinton, for appellant.

Larry Derryberry, Atty Gen., Robert L. McDonald, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

**PER CURIAM:**

Appellant, Leonard Yelloweagle, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court Washita County, Case No. CRF–75–60, for the offense of First Degree Rape, in violation of 21 O.S.1971, § 1111, et seq., and the jury fixed his punishment at five (5) years' imprisonment. Upon recommendation of the State the trial court suspended two (2) years of that sentence, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial the evidence presented by the State established that the alleged victim, a 23-year-old mentally incompetent black female, was discovered to be missing from her home in Clinton, Oklahoma, on the evening of September 1, 1975. That same day she was observed sitting in a pickup at a convenience store a few blocks away in the company of an Indian male wearing his hair in a long ponytail extending to the middle of his back. The pickup was described as an old model and the door on the driver's side "squeaked" and was "hard to open." (Tr. 62) The alleged victim was disturbed and crying when she was returned home by police officers the following morning. Her clothing was also dirty and her shorts were turned inside out. She was taken to a hospital that day for examination and the doctor's report was admitted upon stipulation. Although that report was not made a part of the record on appeal, the prosecution confessed that the examination was inconclusive. Based upon a general description of the above vehicle and subject, the defendant was arrested on September 2, 1975, while riding as a passenger in a 1964 model tan Ford pickup with a driver's door which made a loud "scraping noise" when opened. (Tr. 65) On the same day of his arrest defendant agreed to questioning concerning the alleged offense after being advised of his rights. Defendant than related that he and two other individuals had picked up a black female in Clinton and had transported her to Colony, Oklahoma, where he had a "sexual relationship" with her and then returned her to Clinton the following morning. (Tr. 71) Defendant's statement also indicated that he had knowledge of the female's mental incompetency. With defendant's agreement his statement was recorded on tape after he was again advised of his rights, and that recording was identified and admitted into evidence. On cross-examination the police officer who had conducted the questioning testified that he could detect a slight odor of alcohol about the defendant. However, he further testified there was no other indication that defendant had been drinking, and defendant had then related that he had not had anything to drink since being arrested about 12 hours earlier.

In testifying in his own behalf, defendant admitted driving the alleged victim to Colony in a pickup after one of the two other individuals accompanying him invited her to a "pow wow," but testified that after their arrival there he did not again see her until the following morning when she was returned to Colony. (Tr. 79) Defendant denied having had sexual intercourse with her and contended that he was unaware of her mental incompetency since she remained silent while in his presence. Defendant also testified that he was so intoxicated when arrested that he could not recall responding to any questioning, and further contended that after being placed in a jail cell his artificial leg was pulled off by a police officer.

The remaining four witnesses for the defense were relatives of the defendant who testified that he was drunk and intoxicated when arrested.

In his first assignment of error defendant contends that the trial court erred in permitting the introduction of evidence of his confession without first conducting a hearing outside the presence of the jury to determine the admissibility thereof. With this contention we agree and need not therefore discuss other propositions of law

presented in connection with this assignment of error. Although the objections defendant interposed to testimony upon his confession and the tape recording thereof were only marginally sufficient, we are of the opinion that they were adequate to necessitate such a hearing and determination by the trial court, and further observe that the trial court failed to submit the question of the voluntariness of defendant's confession to the jury under appropriate instructions. See, *Brewer v. State,* Okl.Cr., 414 P.2d 559 (1966). In so holding in *Howell v. State,* Okl.Cr., 513 P.2d 887 (1973), we quoted from the first paragraph of the Syllabus to *Tice v. State,* Okl.Cr., 478 P.2d 916, (1971), as follows:

" 'Where the question arises as whether a confession is voluntary or involuntary, the correct procedure is for the court to *immediately* withdraw the jury and hear all the evidence both for and against the competency of the same, and all the facts and circumstances under which the same was made, and decide whether the confession was voluntary or involuntary. If voluntary, it may be presented, together with all the facts and circumstances surrounding the giving of the same to the jury. If involuntary, it is inadmissible.' (Emphasis added)"

Also see, *Anderson v. State,* Okl.Cr., 510 P.2d 998 (1973); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964); and, *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

■ In passing we are constrained to observe that in overruling one of defendant's objections to evidence of his confession, the trial court expressed the opinion that the Miranda warnings alone operated to dissipate the taint of any illegality in the arrest of defendant upon the admissibility of his subsequent confession. This view was rejected by the United States Supreme Court in *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

In the only remaining assignment of error defendant argues that his conviction cannot be sustained for the reason that his confession was not corroborated by independent proof of the corpus delicti, specifically including any independent evidence of penetration.

In reversing a conviction for the first degree rape of a child in *Miller v. State,* 65 Okl.Cr., 26, 82 P.2d 317 (1938), this Court reasoned that:

"In order to support a conviction on a charge of rape it is essential that the state show not only the assault but also the consummation of the crime charged by having carnal knowledge of the female. . . .

\* \* \* \* \* \*

"[W]hile the slightest penetration is sufficient, there must be proof to some degree of entrance of the male organ, that is, it must be shown that the private parts of the male entered at least to some extent those of the female."

In the case of *Fischer v. State,* 95 Okl.Cr. 189, 242 P.2d 463 (1952), involving a conviction of the offense of attempting to rape a child, this Court held that:

"It appears to us that there was a failure on the part of the state to prove the corprus delicti. In *Bond v. State,* 90 Okl. Cr. 110, 210 P.2d 784, 786, it is said: 'The "corpus delicti" means, when applied to any particular offense, the actual commission by some one of the particular offense charged.'

*"In this case in order to prove the corpus delicti, under the allegations of the information, it was incumbent upon the state to prove, independent of the alleged confession, an assault upon Pamela Sue Leeson, a four year old child.* This proof could have been furnished by circumstantial evidence, but it has to be proved and cannot be left to conjecture. In *Bond v. State,* supra, this court held: 'A conviction cannot be had upon a defendant's extrajudicial admissions alone, unless the state proves in some way the corpus delicti, independent of the defendant's admission. Direct and positive proof is not essential to establish the

corpus delicti, and it may be proved by circumstantial evidence. When it is proved by circumstantial evidence, the question should be submitted to the jury along with other questions of fact in the case, as to whether or not the state has established the corpus delicti beyond a reasonable doubt.'" (Emphasis added) Also see, Annot. 40 A.L.R. 460, 464.

 The corpus delicti may be established without showing that the offense charged was committed by the accused. See, *Simmons v. State,* 94 Okl.Cr. 18, 229 P.2d 615 (1951), and *Gorum v. State,* 60 Okl.Cr. 248, 63 P.2d 765 (1936). However, since independent of defendant's confession the evidence in the present case was wholly insufficient to establish circumstantially or otherwise that the act of sexual intercourse was performed upon the alleged victim, we are of the opinion that this assignment likewise presents a meritorious proposition. Also see, *Basham v. State,* Okl. Cr., 340 P.2d 461 (1959), and *Robinson v. State,* 71 Okl.Cr. 75, 108 P.2d 196 (1940).

For the above and foregoing reasons, the judgment and sentence appealed from is *REVERSED AND REMANDED* with directions that the case be dismissed unless the State is able to establish to the satisfaction of the trial court that upon a new trial additional competent evidence could be introduced in support of this charge.