The STATE of Oklahoma, Appellant,

v.

Barbara Jean GREENWOOD, Appellee.

No. O–76–788.

Court of Criminal Appeals of Oklahoma.

June 6, 1977.

Reginald Gaston, Asst. Dist. Atty., Tom Gruber, Legal Intern, for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Presiding Judge:

Barbara Jean Greenwood, hereinafter referred to as defendant, was tried for the offense of Possession of Marijuana in a non-jury trial in Case No. CRM–76–164, in the Cleveland County District Court, the Honorable Edward M. McDanel, presiding. At trial, defendant's oral motion to suppress was sustained and a judgment of acquittal was entered. From said judgment of acquittal, the State of Oklahoma has appealed on a reserved question of law.

On the 6th day of February, 1976, Officer John Walsh of the Norman Police Department, made application for a warrant to search Apartment B, 1239 N.E. 12th Norman, Oklahoma, the residence of the defendant. Based upon the application and affidavit, Judge Elvin J. Brown issued said warrant. Pursuant to said warrant, officers of the Norman Police Department searched said residence. During the search, the contraband materials named in the warrant were found and seized; and, as a result, two informations—one charging felony possession of heroin, CRF–76–95 and one charging misdemeanor possession of marijuana, CRM–76–164, were filed against the defendant.

On June 16, 1976, defendant's motion to suppress the heroin in the felony case was sustained by Alan J. Couch, Associate District Judge of Cleveland County.

On July 28, 1976, at the non-jury trial on the marijuana charge, defendant orally moved to suppress the marijuana by reason of the fact that the motion to suppress had been sustained in the felony case. CRF–76–95. The State requested that the trial judge consider the validity of the warrant. The trial judge, however, sustained the motion to suppress without considering the validity of the warrant. Following the sustaining of the motion to suppress, the State rested, defendant's demurrer to the evidence was sustained, and judgment of acquittal was entered. This appeal followed.

The Appellant's first assignment of error is that the trial court erred in sustaining the motion to suppress without ruling on the validity of the search warrant. We agree.

■ The pre-trial ruling on the motion to suppress in the felony case was not binding upon the court in the instant case. Collateral estoppel only applies when there has been a final adjudication of an ultimate issue of fact. See, *Wilds v. State,* Okl.Cr., 545 P.2d 779 (1976).

■ It is elementary that a trial court may overrule a motion to suppress and proceed to trial; thereafter, the defendant may renew his objection to the introduction of the evidence and the trial court is not bound by the prior ruling, but may reconsider the objection and sustain the same. Conversely, if the trial court sustained a pre-trial motion to suppress, the State may thereafter, during trial, offer said evidence and the trial court may reconsider the pre-trial order and is not bound thereby. This being true, we are of the opinion that the pre-trial ruling of Judge Couch was not binding on Judge McDanel, and that Judge McDanel committed error in ruling that he was bound by Judge Couch's prior ruling and in failing to conduct an in camera hearing on the validity of the search warrant.

It was, therefore, error for the trial court to refuse to consider the validity of the warrant, independent of the pre-trial ruling of another court before rendering a ruling on defendant's motion to suppress.

Appellant's second assignment of error is that the trial court improperly granted the motion to suppress in the felony case CRF–76–95. Since this issue is not properly before us, we decline to rule thereon. The State may proceed to trial in CRF–76–95, offer the evidence and if the trial court rules adversely to the State and the defendant be acquitted, the State may appeal this issue on a reserved question of law. See, *State v. Robinson,* Okl.Cr., 544 P.2d 545 (1975).

■ For all the reasons set forth above, it is the opinion of this Court that the order sustaining the motion to suppress should be REVERSED. However, since Officer Walsh had been sworn and had commenced to testify, jeopardy had attached in Case No. CRM–76–164, and further prosecution is barred.

BLISS and BRETT, JJ., concur.