**Bruce Gene WING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–77–674.**

Court of Criminal Appeals of Oklahoma.

May 18, 1978.

Michael L. Fought, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

Appellant attacks his conviction by jury and his sentence of one (1) year in the County Jail for the crime of Possession of Marijuana pursuant to 63 O.S.Supp.1977, § 2–402, in the District Court of Washington County. He was originally charged with the offense of Possession of Marijuana With Intent to Distribute pursuant to 63 O.S.Supp.1977, § 2–401.

Appellant, in seeking reversal of that conviction urges five propositions of error which are as follows: (1) the improper admission of other crimes prior to his arrest, (2) an unconstitutional search and seizure, (3) failure of the court to grant a motion for a directed verdict and the court's refusal to reduce the felony charge—Possession of Marijuana With Intent to Distribute—to a misdemeanor prior to the case's submission to the jury, (4) prejudicial and inflammatory remarks by the prosecuting attorney, and (5) that the sentence is excessive.

Appellant contends that the admission of other crimes for consideration by the jury—i. e., reckless driving, running a stop sign, and driving while intoxicated prior to his arrest on the felony charge of Possession of Marijuana With Intent to Distribute—was prejudicial. The Attorney

General argues that the evidence of the prior traffic offenses constituted a part of the "res gestae". Generally speaking, evidence of other crimes is inadmissible unless it comes within one of the few specifically defined exceptions. *Hogan v. State*, Okl. Cr., 530 P.2d 1026 (1975). One of these exceptions, as we stated in *Edmondson v. State*, Okl.Cr., 527 P.2d 190 (1974), is that the other crimes compose a part of the res gestae of the crime charged. In 29 Am. Jr.2d, Evidence § 321, we find the following:

". . . Evidence covering the commission of other offenses is likewise admissible where two or more crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other, or where they form part of the res gestae. However, the mere proximity of time within which two offenses may be committed will not necessarily make one a part of the other; there must be such casual relation or connection between the two acts that they may logically be said to form part of one transaction." (Footnote omitted)

See also 29 Am.Jr.2d, Evidence § 330.

■ In the instant case, Officer Smith, who followed the defendant for several blocks, but did not participate in the arrest, readily admitted that he had no knowledge of the crime charged, Possession of Marijuana With Intent to Distribute, but only observed the prior traffic violations. The Attorney General argues that the traffic violations were so inextricably bound together with the arrest and the discovery of the contraband that the principal crime cannot be shown without also showing the prior violations. It is our opinion, however, that the evidence of the traffic violations did not form a part of the same transaction and were not necessary to "complete the story" surrounding the crime charged.

The exhaustive elaboration by Officer Smith of the prior violations does not fall under one of the exceptions enunciated by this Court in *Hogan v. State*, supra. That is to say, it was not necessary for the State to prove; (1) motive, (2) intent, (3) absence of mistake, (4) identity, (5) common scheme or plan. It would have been sufficient had the State introduced testimony that the defendant was stopped for driving while under the influence prior to the search.

■ The appellant next contends that the seizure by Officer Bevard of a brown paper bag lying on the pickup seat constituted an unlawful search and seizure. We need only note from the transcript that the defendant had to be restrained by the officers and was obviously in an intoxicated condition. As we stated in *Roberts v. State*, Okl.Cr., 483 P.2d 338 (1971):

"Under such proper circumstances, when the person is· obviously intoxicated, the arresting officer may lawfully search in the driver's seat for evidence to sustain *his belief* that the person is intoxicated, and that he may have an open-bottle in the front seat with him." (Emphasis original)

We further observe that at the time the State introduced the marijuana into evidence, the defendant raised no objection. Although the defendant timely filed a motion to suppress the marijuana prior to the trial, he nevertheless failed to renew the objection by objecting to its introduction at the trial. In our opinion, this constituted a waiver of his right to complain to the Court. See *Fields v. State*, 31 Okl.Cr. 121, 236 P. 633 (1925); *Box v. State*, Okl.Cr., 541 P.2d 262 (1975). See also, *State v. Greenwood*, Okl.Cr., 565 P.2d 701 (1977) wherein we stated:

"It is elementary that a trial court may overrule a motion to suppress and proceed to trial; thereafter, the defendant may renew his objection to the introduction of the evidence and the trial court is not bound by the prior ruling, but may reconsider the objection and sustain the same."

■ We think a like rule applies when the examining magistrate overrules a pretrial motion to suppress. The magistrate's ruling is not binding upon the trial court and counsel must therefore renew any objection before the evidence is introduced at

trial. The complaint that the search and seizure were unlawful cannot be sustained.

■ In his third proposition the petition complains that the trial court erred in refusing to grant defendant's motion for a directed verdict and refusing to reduce the crime charged to Possession of Marijuana prior to the jury's consideration. In *Reynolds v. State*, Okl.Cr., 511 P.2d 1145 (1973) we determined that where there is sufficient evidence from which the jury can find that the specific intent existed, it is not error to overrule defendant's demurrer thereto. It is our opinion that under all the facts and circumstances, there was a sufficient fact question for the issue of "intent to distribute" to be submitted to the jury under proper instructions.

Defendant next complains of prejudicial evidence and improper remarks by the prosecutor. At page 38–B—38–C of the transcript the following is reflected:

"THE COURT: Let's see, now. You knew, when you asked Officer Bevard the question, that the pills were not in any way under the Uniform Controlled Dangerous Substance Act?

"MR. PEABODY: They were in the form of a controlled dangerous substance, yes, your Honor.

"THE COURT: I don't care what their appearance was. I'm talking about the substance. Did they in any way fall within the Controlled Dangerous Substance Act?

"MR. PEABODY: In form, yes, sir.

"THE COURT: But not in substance?

"MR. PEABODY: No, sir.

"THE COURT: And you knew this when you asked the question?

"MR. PEABODY: Yes, sir.

"THE COURT: All right. Then it is stricken. [sic]

"MR. FOUGHT: We would ask that the jury be admonished to disregard it when they return this afternoon, your Honor.

"MR. PEABODY: I don't care, Judge. We're not trying the Defendant on a charge of any controlled dangerous substance except marijuana.

"MR. FOUGHT: I would ask that the prosecution be retained [sic] from any further mention of those pills or from presenting them in evidence.

"THE COURT: I'm sure they won't be. They don't have any probative value.

"MR. PEABODY: That's right, Judge.

"(WHEREUPON THE COURT STOOD IN RECESS FOR APPROXIMATELY AN HOUR AND A HALF. FOLLOWING SAID RECESS, THE PROCEEDINGS WERE CONTINUED AS FOLLOWS WITHIN THE HEARING OF THE JURY.)"

"THE COURT: I think we're ready for cross-examination of this officer, are we not?

"MR. PEABODY: Yes, your Honor. The State will agree that the jury is properly in the box.

"THE COURT: All right.

"MR. FOUGHT: Oh, your Honor, I would request that admonishment as was directed earlier.

"THE COURT: What was it?

"(WHEREUPON A BRIEF CONVERSATION WAS HAD OFF RECORD AND OUTSIDE THE HEARING OF THE JURY.)"

■ Although the defendant timely and properly requested that the jury be admonished to disregard the testimony concerning the other pills which were seized, we note that no further mention was made of the "other pills", which were in fact aspirin. We are of the opinion that the prosecutor's elicitation of the testimony concerning the pills was a tactic employed to prejudice the defendant. Of course, we have held that possession of a substance, if possessed for sale, is evidence that other actual controlled substances possessed at the time may have been held for sale as well. However, an attempt by the prosecutor to convey an erroneous impression to the jury constitutes error. See *Neely v. State*, 60 Okl.Cr. 99, 61 P.2d 741 (1936).

■ The Attorney General argues that the defendant had the opportunity to minimize the effect of the prejudicial testimony

by using the chemist's lab report which showed that the pills were not contraband. And, further, he suggests that since the defendant admitted that he was in possession of the pills, then if it constituted error, it was harmless pursuant to *Williams v. State*, Okl.Cr., 491 P.2d 787 (1971). We hold that the defendant was under no obligation to complete the State's case by providing testimony relative to the true chemical make-up of the pills, which would have had the effect of strengthening the State's case against him.

 Furthermore, the prosecutor in his argument stated that the defendant was "coming [sic] around to collect for the dope he had delivered" and further that the marijuana found in the truck was "repossessed" marijuana. Objections were made by the defendant and overruled. The record is devoid of testimony that the defendant was collecting money from previous narcotic transactions. Further, there was not any evidence that the marijuana was "repossessed", although the State's evidence did indicate that it had only recently been acquired. We are of the opinion that these comments were not reasonable inferences from the evidence actually presented. Such comments therefore constituted error. See *Ray v. State*, Okl.Cr., 510 P.2d 1395 (1973).

Lastly, the defendant contends that the punishment of one (1) year in the county jail for the lesser included charge of Possession of Marijuana is excessive. Although the defendant did not testify, the closing argument of the defense counsel at trial emphatically admits the defendant's knowledge, control and possession of the contraband. In his closing argument, defense counsel argued to the jury:

"We're not saying he wasn't in possession. We know he had that marijuana. We don't claim he didn't. And, you are fully within your rights to sentence him on the grounds of possession of marijuana which is what we should be trying him on. Bruce Wing would have pled guilty to that, but, no they're not satisfied.

"Yes, we're against marijuana, but not enough to send a man to prison in viola-

tion of his rights or to send up an innocent man. Bruce Wing is guilty of possession of marijuana.

"So, that's his crime, possession of marijuana and having the last name Wing." (Tr. 111, 112, 115, 116 & 117)

As the defendant conceded, the State's evidence was clearly sufficient to justify a conviction for Possession of Marijuana. However, in light of the several errors which occurred during the trial, we feel that the jury was influenced to assess greater punishment than they otherwise would have. Accordingly we are of the opinion that the sentence should be MODIFIED from a term of one (1) year imprisonment in the county jail to a term of thirty (30) days incarceration.

The judgment and sentence, as MODIFIED, is AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.