Jerry D. HINES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-563.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1982.

Don Grace, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jerry D. Hines, was convicted of Unlawful Possession of Marijuana with Intent to Distribute, in the District Court of Pontotoc County, Case No. CRF–79–3, and was sentenced to a term of five (5) years' imprisonment. The appellant raises two (2) assignments of error on appeal.

As his first assignment of error the appellant argues that the trial court erred in failing to grant an in-camera hearing on the question of whether or not the search of his van was a lawful search. Finding that the appellant was correct in his assertion, this Court, on June 19, 1981, entered an order directing an evidentiary hearing in the district court on the motion to suppress, with the State bearing the burden of establishing the validity of the warrantless search and seizure. *State v. Greenwood*, 565 P.2d 701 (Okl.Cr.1977); and *Blackburn v. State*, 575 P.2d 638 (Okl.Cr.1978). On August 21, 1981, the evidentiary hearing was heard by the district court, and the motion to suppress was denied.

The arresting officer testified that he observed a vehicle, driven by the appellant that was straddling two lanes of traffic. The officer stopped the appellant, and when Hines got out of his vehicle he was observed to be unsteady on his feet and had an odor of alcohol on his breath. The appellant was arrested for driving under the influence of intoxicating liquor. The officer went to the appellant's van and shined a flashlight through the driver's window. He observed several empty cans of beer in a sack, and a green leafy substance protruding from another brown grocery sack, which was readily visible right behind the driver's seat, which, based upon his previous observations and experiences, the officer believed to be marijuana.

While it is presumed that every warrantless search is per se unreasonable, exceptions to this rule based on necessity have evolved. See, *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980). Among the recognized exceptions are searches incident to a lawful arrest and the plain view doctrine. See, *Whitehead v. State*, 546 P.2d 273 (Okl.Cr.

1976). In the instant case, there is ample evidence to support the findings of the trial court and the jury that the initial arrest was valid, and the discovery of the contraband was legal in accordance with the plain view doctrine. The officer had a right to be where he was, at the time he observed the contraband, and had a right to seize it at that time. This assignment of error is without merit.

In his second assignment of error, the appellant contends that the trial court erred in admitting evidence without showing that the inventory was in compliance with an ordinance or a departmental regulation. Since the marijuana introduced as evidence was seized pursuant to the plain view doctrine, as discussed above, and not as a result of an inventory of the appellant's vehicle,[1] this assignment of error is patently frivolous.

Accordingly, the judgment and sentence appealed from is hereby AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., concurs in results.

BRETT, Presiding Judge, concurs in results:

While I concur in the results reached in this decision, subject to appellant's record since conviction, defense counsel is admonished that he may consider the provisions of 22 O.S.1971, § 994, for submission to the trial court.

---

1. The record reveals the following colloquy:

    Q. What did you do with this brown sack?
    A. The brown sack was labeled. I took it in, I labeled it. I placed it in the evidence locker that night. Being that we didn't have a detective on duty, it was properly labeled...." (Tr. 14 and 15)

    \* \* \* \* \* \*

    Q. I will show you what has been marked for purposes of identification as State's Exhibit Number One, and ask you if you can identify that.
    A. This is the brown paper sack I seized on the 12 and 23 of 78.

    \* \* \* \* \* \*

    An additional two (2) bags of marijuana seized from a briefcase found during an inventory of the vehicle, of which the appellant apparently complains, were not introduced at trial.