**Jimmy HOPPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–280.**

Court of Criminal Appeals of Oklahoma.

April 29, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, Jimmy Hopper, was charged, tried and convicted in the District Court of McIntosh County, Case No. F-83-72, for the offense of Burglary in the Second Degree. His punishment was fixed at a term of five (5) years imprisonment. We affirm.

On May 14, 1983, the Mann Prefab Truss Company near Checotah, Oklahoma, was burglarized. The front door of the business was kicked in and several items were missing from the premises, such as: one pump shotgun, two derringers, two or three flat bars (used in construction), a money bag containing checks and currency, money from the "pop box," and a CB radio from a pick-up at the location. On May 19, 1983, co-defendant Floyd Dale McBride was arrested, which led to the recovery of a flat bar and a derringer which were identified by the owner of the burglarized establishment.

On June 24, 1983, the appellant was arrested near Fayetteville, Arkansas, for a New Mexico parole violation. The appellant was read his *Miranda* [1] warnings, and thereafter implicated himself in the May 14th burglary. The appellant next executed a waiver of extradition form in Arkansas. On the following day, the appellant was transported to Oklahoma. While en route to Oklahoma, the appellant was again advised of his *Miranda* rights. Subsequently, the appellant indicated a desire to talk, and he confessed to the May 14th burglary to the transporting officer. Upon arriving in Eufaula, Oklahoma, the appellant's confession was reduced to writing. In the written confession, the appellant implicated himself and co-defendant McBride in the burglary. Later, the appellant led police officers to the location of a shotgun, allegedly taken during the burglary.

## I.

In his first assignment of error, the appellant raises an issue of first impression: Does due process of law demand that the trial court submit the question of voluntariness of a confession to the jury in the absence of a request by the defendant that the court do so? We answer in the negative.

The standard procedure used to determine the voluntariness of an accused person's confession was set forth by this Court in *Yelloweagle v. State*, 551 P.2d 1130 (Okl.Cr.1976). The trial judge should "*immediately* withdraw the jury and hear all the evidence both for and against the competency of the [confession], and all the facts and circumstances under which the [confession] was made, and decide whether the confession was voluntary or involuntary." *Id.* at 1132 (quoting the Syllabus to *Tice v. State*, 478 P.2d 916, 917 (Okl.Cr. 1971)). Thereafter, if the trial judge determines that the confession was involuntary, it is inadmissible. *Id.* If the confession is determined to be voluntary by the trial judge, the question of voluntariness is sub-

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

mitted to the jury, together with all the facts and circumstances surrounding the confession. *Id.* This procedure is commonly called the "Massachusetts rule." *See Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

■ In *Jackson v. Denno, supra,* the U.S. Supreme Court determined that minimum due process requirements are satisfied by the so-called "orthodox rule," which provides that "the trial judge himself solely and finally determines the voluntariness of the confession." *Id.* at 378, 84 S.Ct. at 1781. Therefore, due process requirements under the Federal Constitution are satisfied when the trial judge makes an initial determination regarding voluntariness. Thereafter, an accused in Oklahoma is afforded additional safeguards when the question of voluntariness is submitted to the jury, although this additional protection is not constitutionally required.

■ In the instant case, the appellant concedes that he failed to request a jury instruction regarding the voluntariness of his confession. However, he cites *Fields v. State,* 77 Okl.Cr. 1, 138 P.2d 124 (1943) and *Lyons v. State,* 77 Okl.Cr. 197, 138 P.2d 142 (1943) to support his proposition that the failure of the court to instruct on the question of voluntariness, with or without the request of the defendant, is reversible error. Initially, we note that "[t]he general rule [in Oklahoma] is that failure to request an instruction operates as a waiver, unless the court is convinced that under the facts of the particular case the lack of instruction constituted a substantial violation of defendant's rights." *Oliver v. State,* 568 P.2d 1327, 1329 (Okl.Cr.1977). Since minimum due process requirements are satisfied when the trial judge makes an initial determination of voluntariness, the failure to request a jury instruction on this issue operates as waiver. The trial judge held an *in-camera* hearing to determine the voluntariness of the appellant's confession, and the appellant has waived his right to an instruction on such by his failure to request the instruction. Inasmuch as our prior decisions in *Fields* and *Lyons* were decided prior to the Supreme Court's pro-

nouncement in *Jackson v. Denno,* they are overruled to the extent that they are inconsistent with our holdings herein. Accordingly, this assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant asserts that the trial court erred by failing to consider the voluntariness of the appellant's confession in regard to a previous confession given allegedly without proper *Miranda* warnings. Specifically, the appellant contends that a prior, allegedly involuntary, confession tainted his subsequent confessions. We disagree.

We first note that the appellant has failed to point out in his brief how the prior confession was tainted. Furthermore, upon a review of the record, we find no evidence of taint which supports the appellant's assertion. We also note that the appellant signed ¹a rights waiver form, but the trial court did not rule on the voluntariness of this prior confession. The trial court prohibited the prior confession from admission into evidence, apparently because there were no Arkansas law enforcement officers present at trial to authenticate the *Miranda* rights waiver and confession. *See* 12 O.S.1981, § 2901. The exclusion of the prior confessions was within the trial court's sound discretion. The trial court's decision was based on a purely procedural rationale, not because of an impropriety with the taking of the confession. *See Sonnier v. State,* 597 P.2d 771, 773 (Okl.Cr.1979). Since the record is devoid of any evidence of taint, this assignment of error is also without merit.

## III.

■ The appellant next contends that the trial court erred by failing to admit appellant's exhibit number one. The trial court denied admission of the exhibit on the grounds that the evidence mentioned evidence of other crimes. This Court has repeatedly held that "[a]s a general rule, ... evidence of other crimes is inadmissible, and an accused put on trial for an offense is to be convicted, if at all, by

evidence which proves him guilty of that offense alone." *Blackwell v. State*, 663 P.2d 12, 15 (Okl.Cr.1983). Evidence of other crimes is admissible only when it is used to prove "motive, opportunity, intent, preparation, plan, identity or absence of mistake or accident." 12 O.S.1981, § 2404(B).

Furthermore, as we previously noted, this Court has "consistently held that the introduction of evidence is a matter for the exercise of the trial court's discretion" and, absent an abuse of that discretion, this Court will not overturn a decision of the trial court. *Sonnier v. State*, 597 P.2d at 773. Upon a review of the record, we find that the appellant has failed to cite an exception to the exclusion of other crimes evidence. *See* 12 O.S.1981, § 2404(B), *supra*. We also fail to find that the trial court has abused its broad discretion. Therefore, this assignment of error is without merit.

### IV

 In his next assignment of error, the appellant claims that the trial court failed to instruct on his theory of defense. We disagree. The appellant's failure to reduce his requested instruction to writing has resulted in a waiver of any alleged error. *Blackwell*, 663 P.2d at 17.

Moreover, the appellant is only entitled to such instructions on his theory of defense, if it is a tenable theory or finds support in the record. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). In the instant case, we find no evidence in support of the appellant's theory of defense, alleging that he was guilty of only possession of stolen property, not burglary. Hence, this assignment of error is without merit.

### V.

The appellant next claims that he was denied a fair trial by the misconduct of the prosecutor during closing argument. This assignment of error has been waived by the appellant's failure to object to the argument or request an admonishment. *Myers v. State*, 623 P.2d 1035 (Okl.Cr. 1981). Accordingly, this assignment of error is without merit.

### VI.

In his last assignment of error, the appellant argues that his extradition was illegal. We disagree. The appellant waived extradition proceedings in Arkansas. The Uniform Extradition Act does not prohibit a defendant from waiving the statutory procedural requisites of return to the demanding state. *See* 22 O.S.1981, § 1141.-25. Accordingly, this assignment of error is wholly without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the District Court should be, and hereby is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.