Walton MANSEL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–320.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1991.

## ORDER

The Appellant, Walton Mansel a/k/a Jack Mansel, Walton Washington Mansel, was charged and convicted in the District Court of Comanche County, Case No. CRF–86–407, of Possession of a Controlled Dangerous Substance With Intent to Distribute, After Former Conviction of Two or More Felonies. Punishment was set in accordance with the jury's recommendation at 101 years' imprisonment.

On June 23, 1986, Walton Mansel was arrested on the charge of possession of a controlled dangerous substance with intent to distribute after former conviction of two or more felonies. At that time, Lawton Police Detective Dennis Harris, acting on behalf of the Lawton Police Department, agreed to forego the filing of said charge on the condition that Appellant assist the Department in further narcotics investigations and "if he provided us with the individual and the contraband that he said he could ...".

Detective Harris testified that the Appellant did provide him with information and that they were in contact numerous times up to a day or two before Appellant's second arrest on August 10, 1986. Detective Harris further testified that to his knowledge, there was never any communication to the Appellant that the agreement was off.

John Whittington, a detective with the Lawton Police Department, testified that on August 10, 1986, the Appellant voluntarily came to the station at the request of the detective. He testified that Appellant was there "to be interviewed about a kidnapping and assault with a deadly weapon, simple assault and extortion" and "he also had possession of marijuana with intent." It was while Appellant was in the conference room waiting to be interviewed on the aforementioned charges that Detective Whittington became aware that there was a warrant out for Appellant's arrest on the charge (1) for which he was arrested on June 23, 1986, (2) which Detective Harris agreed not to file and (3) the conviction of which is the subject of this appeal.

The detective further testified that prior to interviewing the Appellant on the "August 10th" charges, he advised the Appellant of his rights. The Appellant at that time requested to speak with Detective Harris and was told that Dennis Harris did not want to talk to him. Thereupon, the Appellant requested an attorney and the interview was terminated.

The detective began walking Appellant up to the jail to book him in on the "June 23rd" charge when Appellant changed his mind and agreed to talk to him about the "August 10th" charges. The Appellant was advised of his rights and waived same. In his effort to explain the circumstances leading up to the "August 10th" charges, the Appellant apprised Detective Whittington of the circumstances attendant upon his past and present working relationship with Detective Harris and the Lawton Police Department. In relating said circumstances, the Appellant stated that he had been dealing in amphetamines out of his service station for quite some time. It is the introduction and admission of this statement that Appellant contends was error.

The Appellant asserts that this statement should not have been admitted since it was an involuntary confession and also a part of plea negotiations.

It is important to note that Detective Harris nor anyone else associated with the department contacted the defendant and told him that any agreement as to information and the workout of a plea bargain was cancelled or revoked. Defendant worked for approximately one and one-half months under the assumption that the plea bargain was in force and effect. Nor was the Appellant even told during the interview on June 23, 1986, that the agreement was off and that this agreement as it relates to the "August 10th" charges was in jeopardy.

Appellant asserts that his statements given to the detective should not have been admitted since they were involuntary and that they were a part of a plea negotiation. The U.S. Supreme Court has held that once an attorney is requested, further discussion must cease and the only time that a discussion can be started again is if the defendant voluntarily starts such discussion in what the court basically considers a second encounter. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The U.S. Supreme Court has held that once the request for an attorney is made, the "bright-line rule" goes into effect and all questioning must cease after an accused requests counsel. The trial court must determine whether or not the defendant voluntarily initiated the second encounter when the defendant on being taken to jail, supposedly changed his mind and agreed to talk to the detective relative to the "August 10th" charges. From the record, it is impossible to determine whether or not this was, in fact, a voluntary waiver as it relates to such confession and, further, whether the statements were made pursuant to a plea bargain arrangement. If so, again, the statements would not be voluntary and, therefore, inadmissible.

This particular problem was discussed by Judge Parks in the case of *Hopper v. State*, 736 P.2d 538 (Okl.Cr.1987) whereby this Court adopted the so-called "Massachusetts Rule". The trial judge will have to determine whether the confession was voluntary or involuntary. Thereafter, if the court determines it is involuntary, then it is inadmissible. If the confession is determined to be voluntary, the question of voluntariness is submitted to the jury together with all of the facts and circumstances surrounding the confession. *Yelloweagle v. State*, 551 P.2d 1130 (Okl.Cr. 1976). The court at the same time should determine the nature of the plea bargain arrangement between the defendant and Detective Harris. The court could at an evidentiary hearing determine if there was, in fact, a plea bargain arrangement. If such was the case this, of course, would assist the court in determining whether or not the statements or confessions were, in fact, voluntary. The court should also inquire into the facts surrounding not only the agreement but what the defendant did as it related to the agreement or at least his understanding of the agreement. The State should not be in the position to enter into a plea bargain arrangement and then change at any point during the arrangement saying the parties had not done enough or brought enough information forward. The options of the police department as well as the defendant need to be examined as to what the agreement was and what the defendant did as it relates to such agreement.

IT IS THE ORDER OF THIS COURT that this matter is REMANDED to the District Court of Comanche County, Oklahoma, for such court to hold an evidentiary hearing to determine whether or not the Appellant made a free and voluntary confession, whether or not the confession came from a second or subsequent encounter and was freely made and, if so, whether the statements were made pursuant to a plea bargain arrangement which would make same involuntary. Such hearing and the transcript thereof shall be forwarded to this Court within ninety (90) days of this order.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE,
Presiding Judge
dissenting.

/s/Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/Ed Parks
ED PARKS,
Judge

/s/Tom Brett
TOM BRETT,
Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LANE, Presiding Judge, dissenting:

I disagree with the majority that this case should be remanded for an evidentiary

hearing to determine: (1) whether the defendant voluntarily waived his Miranda rights before giving a confession and (2) whether there was a plea bargain arrangement. Pursuant to defendant's motion to suppress the confession as being obtained in violation of his fifth and fourteenth amendment rights, the trial court conducted a pretrial evidentiary hearing addressing these issues. After hearing the evidence presented the trial judge overruled the motion.

However, defendant's counsel failed to object when the statement was offered at trial. When a defendant timely files a Motion to Suppress but fails to renew the objection by objecting to its introduction at trial, this constitutes a waiver of his right to complain to the court. *Wing v. State*, 579 P.2d 196, 198 (Okl.Cr.1978). Since an assignment of error has not been properly preserved, the court review is limited to fundamental error only. *Cole v. State*, 766 P.2d 358 (Okl.Cr.1988). *See also Harris v. State*, 645 P.2d 1036 (Okl.Cr.1982). For the reasons set forth below, I am of the opinion that fundamental error did not occur in this case.

When an appellant challenges the admissability of a statement or confession the burden is on the State to show it was voluntary. *Hardin v. State*, 649 P.2d 799 (Okl.Cr.1982). A confession is voluntary when it is not extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *Young v. State*, 670 P.2d 591, 594 (Okl.Cr.1983) quoting *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). At the hearing and at trial, Detective Whittington testified the defendant was advised of his Miranda rights. Defendant signed the Miranda form acknowledging that he understood them and requested counsel whereby the interview was terminated. While walking to the jail he stated that he had "changed his mind" and wished to talk about the "charges at hand." The detective again advised defendant of his Miranda rights. The defendant waived them and proceeded to make the statement which is the subject of this appeal.

It is clear from the record that it was the defendant who instigated the conversation absent any threats of violence, promises or improper influence on behalf of the detective. It is clear he voluntarily signed a Miranda form and he understood his rights as they were communicated to him by the arresting officer. It is clear that he freely and voluntarily waived those rights. There was sufficient intervening circumstances that occurred between defendant's arrest and his confession to show the confession was voluntary. *Cooks v. State*, 699 P.2d 653 (Okl.Cr.1985). *See also Wong Sung v. United States*, 371 U.S. 471, 486, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963).

The State has established *prima facie* that the confession was voluntary. The appellant offered absolutely no evidence to the contrary. Appellant's constitutional rights were therefore, not violated and there was no error in the admission of the statement into evidence. *See Dixon v. State*, 737 P.2d 942 (Okl.Cr.1987) quoting, *Stout v. State*, 693 P.2d 617 (Okl.Cr.1984).

Furthermore, I disagree with the majority that an evidentiary hearing is needed to determine whether there was in fact a plea bargain arrangement and the nature of said arrangement. The State does not dispute and the record shows that an agreement was made whereby Detective Harris would "hold the charges" as long as the defendant assisted in further narcotics investigations that lead to the arrest of a particular individual. The detective informed the defendant that if the information provided did not lead to an arrest "the charges would be filed with the District Attorney's office and he would be prosecuted."

Appellant erroneously asserts all statements are protected pursuant to 12 O.S. 1981, § 2410 as part of plea negotiations. Even assuming that statute applies and all statements made from the time of the plea "arrangement" and the arrest on June 23 are inadmissable, nothing defendant said during this time period was offered into evidence. The only statement at issue occurred after defendant was arrested. Fur-

thermore, to determine whether the statement was involuntary as part of plea negotiations, this Court has held that a two tiered analysis must be applied. First, whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion and second, whether the accused's expectation was reasonable given the totality of objective circumstances. *Gillum v. State,* 681 P.2d 87, 88 (Okl.Cr.1984). *See also Blackwell v. State,* 663 P.2d 12 (Okl.Cr.1983).

The record reveals the defendant was given several adequate Miranda warnings prior to giving his statement. Defendant had the knowledge that not only did he have the right to an attorney, but also anything he said could be used against him. In fact, it is clear that Defendant understood his rights when he requested counsel. The defendant therefore must have realized the consequences of waiving his rights and talking to the detective. Despite the fact that Defendant was not informed the agreement was off, there are so many intervening circumstances between the "arrangement" and the confession to dissipate any belief that the statements would still be protected. The defendant who is not a newcomer to the legal system, could not have reasonably believed that he was still in an informant relationship with the State. The expectation that any communication by the defendant was still part of a plea agreement was not reasonable given the totality of the circumstances surrounding the giving of the statement.

For the above reasons I DISSENT to the remanding to the trial court for an evidentiary hearing.