Earl Elmer GRAVATT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5856.

United States Court of Appeals
Tenth Circuit.

Oct. 17, 1958.

Hubert Gibson, Oklahoma City, Okl.,
for appellant.

Phillip R. Douglas, Asst. U. S. Atty.,
Oklahoma City, Okl. (Paul W. Cress, U.
S. Atty., Oklahoma City, Okl., on the
brief), for appellee.

Before BRATTON, Chief Judge, and
HUXMAN and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Earl Elmer Gravatt, was in-
dicted in a two count indictment in the
United States District Court for the
Western District of Oklahoma. Count
1 charged him with violating 18 U.S.C.
§ 1262, unlawfully transporting liquor
into legally dry Oklahoma, and Count
2 charged a violation of 15 U.S.C.A.
§ 902(e), interstate transportation of
a firearm after having been previous-
ly convicted of a crime of violence, to-
wit: Robbery with firearms. He
plead guilty to Count 1 and went to trial
on Count 2. At the close of the Gov-
ernment's evidence he filed a demurrer on

the ground that the evidence was "wholly insufficient to support the charge contained in Count 2 of the indictment" and moved the Court that "Count 2 of the indictment be dismissed because of the insufficiency of the Government evidence." The Demurrer and Motion were overruled and the case was submitted to the jury. It returned a verdict of guilty. A motion for a new trial was filed based on the same grounds set out in the Demurrer and Motion to Dismiss. The Motion for a New Trial was overruled and judgment and sentence were imposed on each count. The appeal challenges the sufficiency of the evidence to take the case to the jury on Count 2.

█ The Demurrer and Motion to Dismiss were not strictly the correct method of raising the question. Demurrers are not recognized by the Federal Criminal Rules of Procedure. Formerly, such questions were presented by a motion for a directed verdict. Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., abolishes motions for directed verdicts and substitutes therefor a motion for entry of judgment of acquittal. It is, however, clear from the record that the Demurrer and Motion for Dismissal were treated as raising the sufficiency of the Government's evidence to take the case to the jury, and the Court's ruling was based on its conclusion that the evidence was sufficient to do so.

It is without dispute that Gravatt had a firearm and that he transported it from Texas into Oklahoma. To establish a previous conviction of a crime of violence, the Government introduced a certified copy of a judgment and sentence by the District Court of Oklahoma County, Oklahoma, dated November 17, 1939, in which Earl E. Gravatt was sentenced to the State Reformatory at Granite, Oklahoma, on a conviction of the offense of robbery with firearms, and a certified copy of the Sheriff's return showing the execution of the sentence. The question is whether this was sufficient proof of identity of the two persons to take the case to the jury on Count 2.

█ It is, of course, Hornbook law that in criminal cases, the Government must prove the defendant guilty beyond a reasonable doubt, and that if the undisputed evidence is as consistent with innocence as with guilt, the Government has failed to make a case to go to the jury.[1] It is common knowledge that in many instances men bear identical names. How then can it be said, without more, that Earl E. Gravatt who was convicted in the Oklahoma State Court in 1939 was one and the same person as Earl Elmer Gravatt on trial in this case. The middle initial "E" certainly bears some significance. It could have been Edgar or Edward, or some other name. It was not incumbent on the defendant to establish that he was not the same person as Earl E. Gravatt. That duty rested upon the Government. In the late case of Woods v. State, Okl.Cr., 327 P.2d 720, the Court held that the method of proving a prior conviction was to first introduce in evidence the indictment or information, judgment and sentence and commitment, and that "proof of the facts should then be made that the defendant, in the case on trial is one and the same person as the defendant in the prior conviction relied upon to establish the second or subsequent conviction." This, in our opinion, pronounces correct and sound principles of law. Merely introducing the indictment or information and the judgment and sentence of the prior trial is not sufficient to discharge the burden resting on the Government to take the case to the jury on the question of identity of the two persons, especially when, as here, the two names are not identical.

Reversed and remanded.

1. Leslie v. United States, 10 Cir., 43 F.2d 288; Moore v. United States, 10 Cir., 56 F.2d 794; McClintock v. United States, 10 Cir., 60 F.2d 839; Patterson v. United States, 10 Cir., 62 F.2d 968; Parnell v. United States, 10 Cir., 64 F.2d 324; Gargotta v. United States, 8 Cir., 77 F.2d 977.