Otto WILLIAMS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13011.

Court of Criminal Appeals of Oklahoma.

July 12, 1961.

Rehearing Denied Sept. 13, 1961.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Otto Williams, the plaintiff-in-error and herein referred to as the defendant, was charged with the crime of larceny of an automobile after former conviction of a felony by information filed in the District Court of Tulsa County, Oklahoma, on September 2, 1960, and was subsequently found guilty by a jury on the 4th day of October, 1961 and his punishment was by them fixed at 10 years in the state penitentiary. This appeal was duly taken and timely perfected.

The facts of the case are relatively simple. The automobile alleged to have been taken by the defendant was à 1960 Nash Rambler Ambassador. It was taken while parked in Tulsa, Oklahoma. The true owner testified as to when it was taken and the circumstances under which it was returned. Officers Aaron J. Clovis and Donald R. Shimmels from the Oklahoma City Police Department testified that they found the defendant asleep in the stolen car in Oklahoma City. They stated that the defendant told them that the car belonged to him but he was unable to tell them where he purchased it. Shimmels testified as to the checking of the serial number of the

automobile and the license tag and the incarceration of the defendant.

The state introduced two informations, judgments and sentences, one from Love County and one from Bryan County, both counties being in Oklahoma, which were certified to be true and correct copies and in which one "Otto Williams" was the defendant, to prove the former conviction allegation.

The defendant did not take the stand and the above summary is the extent of the material evidence presented.

In his appeal the defendant urges the following three assignments of error:

1. The evidence was insufficient to sustain the verdict of the jury for the reason that the state offered no proof that the defendant was the same person as that previously convicted of the felonies alleged in the information.

2. The trial court erred in admitting hearsay evidence concerning the license plate on the automobile over the objection of the defendant.

3. The evidence produced by the state was insufficient to warrant the jury in finding the defendant guilty and the court should have sustained the defendant's motion for an advised verdict.

In support of the first assignment of error numerous Oklahoma cases as well as cases from other jurisdictions are cited and relied upon. The defendant argues that the mere fact that the names appearing on the records from Love and Bryan counties were identical to his is not sufficient to establish the former convictions. It is urged that to allow this proof to stand and be sufficient would place an undue hardship on defendants and force them to take the witness stand in order to rebut the proof. We must agree that this argument is not without merit. On the other hand we can see where the state might not be able to meet the absolute burden in all cases, especially if oral testimony was required, although the case was clearly within the intent and purpose of the habitual criminal act. This Court is fully cognizant of the fact that habitual criminals often enter our State and commit crimes after leaving a long line of convictions from whence they came. Under 21 O.S.(1951) § 54, relating to when the first conviction was foreign, it is clear that prior convictions had in any other State, Government or Country can be the basis for enhanced punishment in Oklahoma under certain conditions. We are also aware of the problem presented under such conditions and realize that absolute identity would frequently be impossible. Is this any reason for not invoking the habitual criminal act when it clearly falls within the purview of the act? We think not when we consider the extremely narrow margin for mistake in most instances such as the one herein involved, where the names are identical in every way. Furthermore, the impossibility of obtaining absolute identity could result due to the death of a witness or when there is a loss of memory due to the lapse of time or other intervening circumstances.

An exhaustive search of all Oklahoma cases relating to the manner of proving the former convictions when the names are identical reveals that the direct question has never been squarely ruled upon by this Court. There are two distinct lines of authority in regard to the effect to be given to identity of name as evidence of identity of person. One view is that mere proof of identity of name is not sufficient to establish identity of persons. Another view and the one which we believe to be the better view is that the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and in the absence of rebutting testimony, supports a finding of such identity. See 25 Am.Jur., § 30, page 278 and People of State of Illinois v. Casey, 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865. This will leave the question of identity to be determined by the jury upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission. An examination of the instructions given

in the trial court reveals that the court properly instructed the jury upon how they should consider the evidence relating to the proof of the former convictions. Therefore, we will not disturb their findings on this matter.

We do think that the better practice is (and should be followed whenever at all possible) to establish identity with efficiency and diligence whenever the same is not rendered impossible by extenuating circumstances.

■■■ The second assignment of error raised by the defendant relating to the testimony concerning the license plate on the automobile is without merit. Clearly it was not error for the court to allow testimony concerning the number of the tag on the automobile when it was found in the defendant's possession. However any testimony concerning the tag not checking to the car and whatever such a check might have revealed by the officer would be hearsay and inadmissible. We feel that this error was harmless under the circumstances. "Before this court is authorized to reverse a judgment of conviction because of the improper admission of evidence, it is necessary that the court, after a consideration of the entire record, must be of the opinion that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right of the defendant." Ford et al. v. State, 23 Okl. Cr. 46, 212 P. 444.

■■■ The final assignment of error relating to the sufficiency of the evidence is also without merit. We need only cite the two cases cited by the defendant in this regard. In the cases of Ballard v. State, 68 Okl.Cr. 39, 95 P.2d 239, 241, and McDonald v. State, 59 Okl.Cr. 318, 58 P.2d 345, both of which involved a prosecution for larceny of an automobile recently stolen and found in the possession of the accused, this court clearly held that "the presumption arising from the possession of recently stolen property is one of fact, and not of law, and if unexplained, is a circumstance to be con-

sidered, and given such weight as the jury may deem proper. The jury is the sole judge as to the weight of the testimony offered. This judgment will not be set aside unless, in the opinion of the court, there was no evidence to sustain it." In the case at bar there is no explanation as to the possession of the stolen car by the defendant and he was unable to tell the officers making the arrest where he purchased the car. We feel that this is sufficient evidence to sustain the jury's finding.

For the reasons stated herein this case is therefore affirmed.

NIX, P. J., concurs.

BRETT, J., not participating.