**436**

George Clyde RICHEY III,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17383.

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

George Clyde Richey III, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, Oklahoma, to the offense of Concealing Stolen Property, on April 20, 1970, and received a five-year suspended sentence. Said suspension was ordered revoked on October 1, 1971, and from said Order of Revocation, a timely appeal has been perfected to this Court.

At the Revocation Hearing, the State introduced certified copies of judgment and sentences from Pontotoc County, which reflected that on the 21st day of October, 1970, George Richey III, who was represented by his attorney, entered a plea of guilty to the offense of Forgery in the Second Degree, and that on July 7, 1970, George Richey, with his attorney, entered a plea of guilty to the offense of Forgery in the Second Degree, Case Numbers CRF–69–44 and CRF–69–34. The defendant did not testify nor was any evidence presented in his defense. Defendant argued at the Revocation Hearing that the evidence was insufficient to prove that the defendant was the same defendant who was convicted in Pontotoc County. Defendant on appeal candidly concedes that:

"While there is not an identity of names here, there would seem to be a sufficient similarity to constitute circumstantial evidence sufficient to shift the burden to defendant to disprove the identity, which he did not undertake to do. See Williams v. State. Okl.Cr., 364 P.2d 702 and Buie v. State, Okl.Cr., 386 [368] P.2d 663 and cases there cited."

We are of the opinion that the uncontradicted evidence was sufficient to support

the trial court's revocation of defendant's suspended sentence. The Order Revoking the Suspended Sentence is affirmed.

SIMMS and BRETT, JJ., concur.