Joe L. DODSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–628.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1984.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

From his conviction in Mayes County District Court, Case No. CFR–81–236, for Grand Larceny, After Former Conviction of a Felony, wherein he was sentenced to ten (10) years' imprisonment, the appellant, Joe L. Dodson, appeals.

Glen Vernon, owner of Green County Yamaha, in Pryor, Oklahoma, testified that on October 27, 1981, he placed two checks from John Bowles and approximately $275.00 in cash into a deposit bag located in his office desk drawer. When he opened the drawer on October 29, he discovered the bag was missing.

Joe Brownell, service manager for the motorcycle shop, testified that approximately six (6) people came into the shop during the afternoon of October 28, including the appellant and his mother. He asked to see Mr. Vernon, and when Brownell told him Vernon was not there, he asked to wait in the office. During the time the appellant was in the office, he stepped out into the shop area three times to ask Brownell if he could use the telephone. The appellant then left the store. Brownell said he did not see anyone else in Vernon's office that day.

Ovene Prine, co-owner of a Langley, Oklahoma convenience store, testified that during the first week of November, 1981, a man she positively identified as the appellant cashed a check endorsed by John Bowles.

Vicky Tudor, a Claremore, Oklahoma service station employee, similarly testified that she cashed a check endorsed by John Bowles for a man she positively identified as the appellant on October 30, 1981.

During the second stage of the proceeding, the State, over the objection of the appellant, introduced a 1975 judgment and sentence from LeFlore County District Court, Case No. CRF–75–29, against Joe Dodson, for Kidnapping.

### I.

In his first assignment of error, the appellant contends that the State presented insufficient evidence to sustain his conviction for Grand Larceny, in that there was no evidence which connected him with the taking of any personal property.

A criminal case may be proved by circumstantial evidence and any reasonable inference drawn therefrom has the same probative effect as direct testimony. *Logan v. State,* 493 P.2d 842 (Okl.Cr.1972). Furthermore, such inferences need not exclude every hypothesis or negate any possibility other than guilt. *Myers v. State,* 654 P.2d 1073 (Okl.Cr.1982), and cases cited therein. This Court has often held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where there is competent evidence from which the jury might reasonably conclude that the defendant is guilty, the decision will not be reversed on appeal on a contention that the evidence is not sufficient.

A thorough review of the record satisfies us that the State presented sufficient evidence connecting the appellant to the taking of the deposit bag and thus, this assignment of error is without merit.

### II.

In his second assignment of error, the appellant asserts that the trial court erred in failing to instruct the jury on other crime evidence. He argues that evidence of his fraudulently cashing the stolen checks and his use of another person's account number to obtain gasoline required a limiting instruction. We note, however, that the record is void of any objection by the appellant to the instructions, and of any requests for instructions by him; nor were any complaints raised in his motion for new trial, and thus, the appellant has failed to preserve this assignment of error for review on

appeal. Furthermore, the appellant specifically stated that he had no objections to the instructions, and has thus waived any right to allege error in them on appeal. *Butler v. State*, 645 P.2d 1030 (Okl.Cr.1982).

### III.

■ In his third assignment of error, the appellant asserts that the State presented insufficient evidence that he had sustained a prior conviction. He argues first, that the State did not prove that the appellant was one and the same as the defendant, Joe Dodson, named in the judgment and sentence; and second, that the record does not indicate that the document represented a final judgment.

Initially, we note that the record before us does not contain a copy of the judgment and sentence in question. As we stated in *England v. State*, 496 P.2d 382 (Okl.Cr. 1972), the burden is upon the defendant to ascertain the presence of exhibits, instruments, or other evidence upon which he intends to rely before final submission of the record for review. Therefore, the appellant has failed to properly preserve this assignment of error for review. *England, supra*.

■ Moreover, we find his contentions to be without merit. The State introduced a certified copy of a judgment and sentence showing that a person named Joe Dodson had been previously convicted of a felony. The fact that the middle initial is missing does not render the document insufficient as prima facie evidence or identity of the person. *Louder v. State*, 568 P.2d 344 (Okl. Cr.1977), and cases cited therein. We find that the State met its burden of proof and that the question of identity was properly left to the jury. Likewise, there is no showing by the appellant that the judgment and sentence was not final. The State presented evidence that the conviction occurred some seven years ago in LeFlore County, Oklahoma. As we stated in *Ashlock v. State*, 643 P.2d 324 (Okl.Cr.1982), in all cases when an appeal from a felony conviction has not been perfected in this Court within six (6) months of the rendition of a

judgment and sentence in the manner provided by law, said judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1981, § 51. Accordingly, we find that use of the judgment and sentence in question was proper.

For the foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.