George C. CHERBONNIER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–375.

Court of Criminal Appeals of Oklahoma.

March 16, 1988.

him in the river and kill him, but I was just trying to scare him." The officer asked appellant to get his wife and go to the police station, which he did.

At the police station, the boy was further examined, revealing bruises and abrasions on his back, ribs, buttocks, and penis. Statements were taken from both parents and an information charging Child Abuse under 21 O.S.1982 Supp., § 843 was filed the next day against both parents jointly. The information was amended to include Permitting Child Abuse under the same section, and the parents were arraigned on that information. The cases were severed, and venue was changed to Hughes County. Appellant went to trial, was convicted and sentenced to 17 years imprisonment, and brings this appeal alleging error in failure to instruct the jurors on appellant's theory of defense, failure to properly inform defendant of the charges against him, and failure to declare a mistrial after prosecutorial misconduct during closing arguments.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, George C. Cherbonnier, was convicted in the District Court of Hughes County Case No. CRF–84–70 of Child Abuse and was sentenced to 17 years imprisonment, and brings this appeal.

The facts disclosed by the record reveal that on July 31, 1984, the Police Department in Seminole received a phone call from a restaurant employee concerning a six-year-old boy on the premises who had apparently been beaten. The police went to the scene, where they found the boy with bruises on his face and legs, and a rope mark on his neck. While they were there questioning the boy, appellant, the boy's stepfather, arrived at the restaurant looking for the boy. When the officer acknowledged to appellant that there was a problem, appellant without further prompting stated, "I know what you're thinking, I did put the bruises on the child and I did tell him I was going to tie him up and put

■ After reviewing the record, it appears that the trial judge was acting within his sound discretion when he refused to instruct the jury on involuntary intoxication. While an accused is entitled to an instruction on his theory of defense, that right is dependent on there being sufficient evidence on the record to support that defense. *Grayson v. State*, 687 P.2d 747 (Okl.Cr.1984). Before a trial judge may be compelled to give an instruction on the defendant's theory, that theory must be tenable as a matter of law. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980).

The requirements for an instruction on involuntary intoxication are set forth in Oklahoma Uniform Jury Instructions Criminal (1981) 738. OUJI–CR–738, which was requested by defense at trial, requires that "[t]he inability to know right from wrong or to understand the nature or consequences of [the accused's] acts *must be caused by the involuntary use of an intoxicant.*" (Emphasis added) In this case, appellant offered no proof that he was so intoxicated that he could not distinguish right from wrong or that he did not under-

stand the nature and consequences of his acts; nor did he show any causal connection between the use of the drugs and the impairment if he were so impaired. Appellant has failed to establish involuntary intoxication as a tenable defense as a matter of law, and therefore this assignment of error must fail.

Appellant also seeks reversal of his conviction on grounds that he was deprived of the right to be informed of the charges against him. The basis of this argument is in the fact that appellant was tried on an information on which he had been arraigned, rather than on the amended information on which he had not been arraigned. The difference between the two was that the earlier information contained charges of Permitting Child Abuse along with Child Abuse. Appellant contends that in reliance on the later information, he had prepared his case against Child Abuse only. Even though the State offered no evidence concerning charges of permitting, nor did the court instruct the jury on that charge, yet appellant contends that the additional language in the information "is most likely responsible for [its] ineffective defense presentation." (Appellant's brief, at p. 7.)

It first must be noted that appellant has failed to cite specific, relevant authority to support his position. This Court has repeatedly stated that it will not search for authority to support appellant's assertions of error. *Hines v. State*, 684 P.2d 1202 (Okl.Cr.1984); *Dick v. State*, 596 P.2d 1265 (Okl.Cr.1979).

The information under which appellant was convicted apprised him of the charges against him, alleged sufficient facts to charge a crime, and cited the statute under which the conduct was criminal. As such, the information was sufficient, *Shockley v. State*, 724 P.2d 256 (Okl.Cr.1986), and because this Court is provided with no authority requiring reversal, *Hines, supra,* this assignment is without merit.

Finally, appellant seeks reversal due to certain comments made by the prosecutor during closing argument. It first must be noted that there was no objection contemporaneous with most of the comments complained of. A defendant waives his right to prosecutorial misconduct in closing argument, absent fundamental error, due to failure to object. *Raymond v. State*, 717 P.2d 1147 (Okl.Cr.1986). None of the remarks made amount to fundamental error in the opinion of this Court.

The one statement complained of to which objection was raised does not go beyond the wide latitude permitted in closing arguments by this Court. *See Wacoche v. State*, 644 P.2d 568 (Okl.Cr.1982); *McDonald v. State*, 553 P.2d 171 (Okl.Cr. 1976).

Since no conduct complained of by appellant requires reversal of the conviction or modification of the sentence, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.