**Cecil COOPER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–923.**

Court of Criminal Appeals of Oklahoma.

April 30, 1991.

Gloyd L. McCoy, Deputy Appellant Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

CECIL COOPER, appellant, was tried by jury for the crimes of Unlawful Delivery of a Controlled Dangerous Substance, Cocaine, Count I, and Unlawful Delivery of Marijuana, Count II, both Counts After Former Conviction of Two or More Felonies, in violation of 63 O.S.Supp.1989, § 2-401, in Case No. CRF-88-220 in the District Court of Pottawatomie County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at a term not less than fifty (50) years and one (1) day imprisonment on each count, to run consecutively. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

During the month of November 1987, Detective Ted Askew was working undercover in the Shawnee area on a federal task force investigation on narcotics. On November 12, 1987, at approximately 7:30 p.m., Detective Askew and an informant went to an apartment in Shawnee and attempted to purchase narcotics. While at the apartment complex, a car pulled up and the informant identified the driver as appellant. The informant went to appellant's car and talked with appellant for a couple of minutes. The informant soon returned, informing Detective Askew that appellant would be able to obtain cocaine. The informant introduced Detective Askew to appellant as "C.D.". Appellant told Detective Askew that he would get the cocaine within forty-five minutes.

Detective Askew and the informant then left and drove to the location where appellant had told them he would meet them. When appellant arrived at the scheduled time, Detective Askew and the informant got into appellant's car. Appellant handed Detective Askew four small white packets with the number "25" on them. Detective Askew put the packets in his coat pocket and then asked appellant if he had any "premo". Appellant replied "No", but said that he did have some "good smoke". Detective Askew then purchased four hand-rolled cigarettes from the appellant. De-

tective Askew and the informant then got out of appellant's car and left. The packets were eventually tested and determined to be cocaine, while the cigarettes were determined to be marijuana. Appellant was subsequently arrested.

In his first assignment of error, appellant contends that the trial court failed to instruct the jury on entrapment. A defendant is entitled to an instruction on his theory of defense only if it is a tenable theory or finds support in the record. *See Hopper v. State*, 736 P.2d 538, 541 (Okl.Cr. 1987); and *Cherbonnier v. State*, 751 P.2d 1098, 1099 (Okl.Cr.1988). After reviewing the record before us, we find that the trial court was correct in refusing to give appellant's requested instruction. This Court has held that the trial court must be satisfied that enough or sufficient facts must have been introduced before the defense is entitled to a defense instruction. The mere fact that defense counsel propounded questions concerning entrapment during cross-examination is by itself insufficient to establish the necessary factual and concrete evidentiary disagreement which requires a jury instruction for its resolution. *Anderson v. State*, 765 P.2d 1232, 1234 (Okl.Cr.1988). In the present case, it is clear that the State merely afforded the appellant the opportunity to commit the crime, and did not in any manner persuade or pressure him to do so. In fact, while admitting that he did not have any "premo", appellant willingly offered to sell Detective Askew some "good smoke." It is not entrapment for police to simply furnish a defendant with an opportunity to commit a crime. *Hunnicutt v. State*, 755 P.2d 105, 107 (Okl.Cr.1988). We find this assignment of error to be without merit.

In his second assignment of error, appellant asserts that during the second stage enhancement proceeding, the State failed to present sufficient evidence that he had prior felony convictions. During the second stage, the State asserted that appellant had prior convictions for rape. In support, the State introduced certified copies of court records from California and Illinois. However, the Judgment from California

listed the name as "Cecil Cooper, Jr.", while the Judgment from Illinois listed the name as "Cecil Cooper." Appellant specifically argues that this evidence alone was insufficient to show that the Cecil Cooper on trial was the same person who was convicted of rape in California and Illinois.

In *Henager v. State*, 716 P.2d 669, 676 (Okl.Cr.1986), this Court stated that the rule in Oklahoma concerning proof of identity is that "identity of name is prima facie evidence of identity of person, and it is sufficient in absence of rebutting testimony." We further stated that adoption of the position taken by the Tenth Circuit Court of Appeals in *Gravatt v. United States*, 260 F.2d 498 (10th Cir.1958), which holds that identity of names does not establish defendant's prior convictions, may at some future point be necessary; we declined to do so in *Henager* due to the uniqueness of the appellant's name.

In *Gravatt*, the court stated that it is common knowledge that in many instances men bear identical names. The Court further acknowledged that it is the State's burden, and not a defendant's, to prove that a defendant in the case on trial is one and the same person as the defendant listed on a prior Judgment and Sentence. We agree. Merely introducing the Information and the Judgment and Sentence of a prior trial is not sufficient to discharge the burden resting on the State to take the case to the jury on the question of identity of the two persons. If we do not require more than the introduction of uncorroborated documents, then in effect, we are making the defendant in a second stage prove that he is *not* such person. The burden of proof is not on the defendant but on the State.

In *Williams v. State*, 364 P.2d 702, 703 (Okl.Cr.1961), this Court stated,

In regard to proof of former conviction under the Habitual Criminal Act, ... the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be

determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.

*See also Holt v. State*, 551 P.2d 285, 288 (Okl.Cr.1976). Therefore, in addition to identity of name, there must be other facts and circumstances for the jury to consider in reaching their verdict. To the extent *Henager* is inconsistent with this opinion, it is hereby expressly overruled. In the present case, not only was there a difference in the names, there were absolutely no other facts and circumstances for the jury to consider in making its determination whether appellant was the one and same as the person listed on the Judgment and Sentences. Thus, we find that the State failed to present sufficient evidence of appellant's prior felony convictions. Pursuant to 22 O.S.Supp.1990, § 1066, *see also Scott v. State*, 808 P.2d 73 (Okl.Cr. 1991), this case is hereby REMANDED to the District Court for resentencing for the crimes of Unlawful Delivery of a Controlled Dangerous Substance and Unlawful Delivery of Marijuana.

Finally, insomuch as this case is being remanded for resentencing, we find appellant's final assignment of error that his sentences were excessive to be moot.

For the foregoing reasons, this case is REMANDED to the District Court of Pottawatomie County for RESENTENCING.

BRETT and PARKS, JJ., concur.

LANE, P.J., concurs in result.

LUMPKIN, V.P.J., concurs in part/dissents in part.

LANE, Presiding Judge, concurring in result:

I agree with the majority that the state failed to present sufficient evidence of Appellant's prior felony convictions. I disagree that *Henager* is in any part inconsistent with the majority opinion.

The court in *Henager* stated the general rule of law concerning proof of identification: "identity of names is *prima facie* evidence of identity of person and is sufficient in the absence of rebutting testimony," at p. 676, quoting *Williams v. State*, 364 P.2d 702 (Okl.Cr.1961). However, we held the state had met its burden of proof because of the uniqueness of the Appellant's name. The holding in *Henager* is in line with the majority's holding and prior cases, *Wilson v. State*, 568 P.2d 1323 (Okl.Cr.1977) citing *Williams v. State*, 364 P.2d 702 (1961), that in addition to identity of name there must be other facts and circumstances for the jury to consider in reaching their verdict. Included as other facts and circumstances is the "commonness or unusualness of the name." It is therefore error to overrule *Henager*.

Furthermore, Appellant's failure to offer rebuttal evidence does not dissipate the state's burden of proof. While identity of name is *prima facie* evidence of identity of person, once this is shown by the state the burden of producing evidence shifts to the defense. However, the burden of proof remains on the state regardless of whether the defense produces any evidence whatsoever. *Mitchell v. State*, 659 P.2d 366, 369 (Okl.Cr.1983). The state has the burden of proving beyond a reasonable doubt that the "Cecil Cooper, Jr." convicted of rape in California and the "Cecil Cooper" convicted of rape in Illinois are the same person as the appellant. The state has failed to do so.

LUMPKIN, Vice Presiding Judge, concurring in part/dissenting in part:

I concur with the Court that an entrapment instruction was not warranted under the facts of this case and the judgment rendered should be affirmed. However, I must respectfully dissent to the Court's determination that the sentence must be vacated and the case remanded for resentencing.

The Court seeks to overrule *Henager v. State*, 716 P.2d 669 (Okl.Cr.1986). However, *Henager* merely restates the rule in *Williams v. State*, 364 P.2d 702 (Okl.Cr.

1961), upon which the Court relies for its ruling in this case. There was no rebutting evidence in this case and the jury was properly instructed as to the law. Contrary to the Court's analysis, the State retains the burden of proof under the law stated in *Williams* and *Henager*. That burden is not shifted to the defendant. It is analogous to the burden of proof requirement placed on a defendant as to proof that felony offenses "relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location". We have determined that the proof of this exception provision of 21 O.S.1981, § 51(B), is an affirmative defense which places the burden on the defendant to present evidence to support the objections raised. *See Cobb v. State*, 773 P.2d 371 (Okl.Cr.1989); *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983); and *Clonce v. State*, 588 P.2d 584 (Okl.Cr.1978).

We have established an objective standard for the admissibility of proof of prior convictions which will allow the State to meet the threshold, prima facie, showing of the identity of the defendant. Once this showing is made it is then a question for the trier of fact, pursuant to correct instructions of the law, to determine if the State has met its burden of proof. The question is not whether we would have made a different decision under the facts presented, but whether there was some evidence from which the jury could have made its decision. We must review this verdict in a light most favorable to the State to determine whether a rational trier of fact could have found the essential elements of the crime charged, i.e. that the defendant and the person named in the prior convictions are the same, beyond a reasonable doubt. *Roberts v. State*, 715 P.2d 483 (Okl.Cr.1986).

This raises the real question of whether these two names, "Cecil Cooper, Jr." and "Cecil Cooper", are sufficiently similar to make the State's prima facie case of identity as described in *Williams* and our prior case law which has existed almost from statehood. This Court has addressed a similar problem in an earlier decision and held that a missing middle initial is not

enough to render insufficient the State's prima facie case of identity. In *Dodson v. State*, 674 P.2d 57, 59 (Okl.Cr.1984), the State introduced a certified copy of a judgment and sentence showing that a person named "Joe Dodson", as opposed to "Joe L. Dodson" charged in the information, had been previously convicted of a felony. The defense objected claiming that "Joe Dodson" and "Joe L. Dodson" were not identical names. This Court held that the missing middle initial does not render the document insufficient as prima facie evidence of identity and that the State had met its burden of proof and the question of identity was properly left to the jury. Surely a name identical in all respects except for the missing "Jr." is no lesser proof than a name absent a middle initial. Our prior jurisprudence, together with the surrounding facts presented in this case, dictate the sentence, as well as the judgement, be affirmed.

Therefore, I respectfully dissent to the vacating of the sentence in this case and would affirm the rule followed in *Williams* and *Henager* regarding the proof of identity of prior felony convictions.