**Billy Ray BATTENFIELD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–85–195.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1991.

Ordered Published Feb. 10, 1992.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

ORDER DENYING PETITION FOR REHEARING AND DIRECTING ISSUANCE OF MANDATE

In our opinion in the above styled and numbered cause, this Court affirmed appel-

---

33. *See* the text in footnotes 4, 20, and 24.

lant's judgment and sentence of death for his conviction for First Degree Murder. *Battenfield v. State,* 816 P.2d 555 (Okl.Cr. 1991). Therein, we agreed with appellant that the evidence was insufficient to support the jury's finding that the murder was especially heinous, atrocious or cruel. *Id.,* 816 P.2d at 564, 62 OBJ at 2449–50. However, after finding that the record supported the remaining aggravating circumstance—that appellant constituted a continuing threat to society—and ruling that such outweighed the mitigating evidence, this Court held that appellant's sentence of death was factually substantiated and valid. *Id.,* 816 P.2d at 567, 62 OBJ at 2450–51.

■ In his Petition for Rehearing, appellant first asserts that this Court overlooked a key issue in holding that the evidence was sufficient to support the jury's determination that he constituted a continuing threat to society. That issue concerns incorrect instructions relating to appellant's prior felony conviction. Below is a recitation of the facts relevant to this proposition.

The jury found the existence of two of the four aggravating circumstances alleged in the State's Bill of Particulars. One of the two alleged aggravating circumstances which the jury did not find was that appellant had been "previously convicted of a felony involving the use or threat of violence to the person, to wit: Assault and Battery With a Deadly Weapon After Former Conviction of a Felony...." (O.R. 53). To prove this alleged aggravating circumstance during the second stage of trial, the prosecution introduced the Judgment and Sentence reflecting appellant's prior conviction. Although that Judgment and Sentence revealed that appellant was charged with "Assault and Battery With a *Deadly* Weapon After Former Conviction of a Felony", it clearly stated that he was convicted of "Assault and Battery With a *Dangerous* Weapon After Former Conviction of a Felony" (Supp.Record—Judgment and Sentence) (emphasis added).

In several of the prosecutor's arguments early in the second stage of trial (Tr. 1425, 1443–1444) and in the trial court's instruc-tions (O.R. 147, 149), appellant's prior felony conviction was erroneously referred to as Assault and Battery With a *Deadly* Weapon After Former Conviction of a Felony. After discovering the error, however, the prosecutor informed the jury on three separate occasions that the allegation should read "dangerous" instead of "deadly" weapon. (Tr. 1445, 1452, 1464).

As previously stated, the prior felony conviction was introduced to support the alleged aggravating circumstance that appellant had previously been convicted of a felony involving the use or threat of violence. However, the jury did not find that this aggravating circumstance existed beyond a reasonable doubt and could not have considered it in imposing the sentence of death. Thus, in our original opinion we were not called upon to determine whether the evidence supported this aggravating circumstance or whether the instructions concerning it were erroneous. Rather, we were asked to determine whether the evidence was sufficient to support the jury's determination that appellant constituted a continuing threat to society. While we agree that the instructions concerning the former aggravating circumstance were erroneous, we hereby specifically conclude that such did not effect either the jury's finding that appellant constituted a continuing threat to society or this Court's previous holding that the evidence was sufficient to support said determination.

In reaching our conclusion that the evidence supported the jury's finding that appellant constituted a continuing threat, this Court relied primarily upon the evidence which demonstrated the "calloused nature" of the crime. *Battenfield,* 816 P.2d at 566, 62 OBJ at 2450–51. We also noted that the State "introduced evidence that appellant had previously been convicted of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony." *Id.,* 816 P.2d at 566, 62 OBJ at 2451. Notwithstanding that the instructions concerning the "prior violent felony" aggravating circumstance were erroneous, the jury was presented with the actual Judgment and Sentence for the prior felony which clearly

revealed the correct conviction. Furthermore, as previously discussed, the prosecutor specifically apprised the jury on three occasions of the correct allegation. Accordingly, this proposition of error is dismissed.

■ Appellant further alleges in his petition that this Court's consideration of his prior felony conviction is in conflict with a controlling decision to which our attention was not previously called. Citing *Cooper v. State*, 810 P.2d 1303 (Okl.Cr.1991), appellant claims that the State presented insufficient evidence to prove that he was the person listed on the prior Judgment and Sentence. Because *Cooper* was decided after the briefing was completed in this case, but prior to the issuance of our opinion, we find that this issue is properly before us.

In *Cooper*, this Court held that in proving prior felony convictions the State has the burden of establishing more than mere identity of name between the accused and the person listed as the defendant on the prior Judgment and Sentence. "[I]n addition to identity of name, there must be other facts and circumstances for the jury to consider in reaching their verdict." *Id.*, 810 P.2d at 1306. Although *Cooper* did not specify what other facts and circumstances would suffice, we cited with approval *Williams v. State*, 364 P.2d 702 (Okl.Cr. 1961), which set forth several examples. The examples included commonness or unusualness of the name, the character of the former crimes or crimes, and the place of its commission. *Cooper*, 810 P.2d at 1306 (citing *Williams*, 364 P.2d at 703).

To prove appellant's prior conviction in the present case, the State introduced only the Judgment and Sentence bearing the name "Billy Ray Battenfield". Although the better practice would have been for the prosecution to introduce other supporting evidence, we find that under the facts of this case the Judgment and Sentence was sufficient to sustain the State's burden of proving the prior conviction. While we note that the character of the former crime and the present offense were similar—each involved an assault and battery—and that both offenses were perpetrated in nearby counties, we reach our conclusion solely upon the uniqueness of appellant's name. We stress, however, that prosecutors should do more than simply introduce a Judgment and Sentence to prove a prior conviction. In addition to those facts and circumstances set forth as examples in *Williams* and *Cooper*, there are a number of possible methods for establishing identity: Fingerprint and photographic evidence of the defendant in the prior case; testimony of jailers, officers, or other personnel connected therewith; and jail or court records detailing personal information about the defendant. Although this list is not intended to be all-inclusive, we strongly encourage the State to introduce one or more of these, or similar, items of evidence when seeking to prove a prior felony conviction.

In his final proposition of error, appellant launches what is essentially an attack upon the validity of the "continuing threat" aggravating circumstance. A similar argument was advanced and rejected in our original opinion, *Battenfield*, 816 P.2d at 563, 62 OBJ at 2448, and we deem further discussion unwarranted.

On the basis of the foregoing, this Court finds that appellant's Petition for Rehearing should be, and the same hereby is, DENIED.

The Clerk of this Court is ordered to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge