9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie Dwayne CARR, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-7077.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1993.
 
 Before MCKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Willie Dwayne Carr, appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's dismissal of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. We exercise jurisdiction under 28 U.S.C. 2253.
 
 
 3
 Carr is an inmate in the State of Oklahoma, currently serving fifteen (15) years for robbery with firearms, after a former felony conviction. During the penalty phase of his bifurcated trial, the State of Oklahoma presented, for enhancement purposes, a 1980 Oklahoma Judgment and Sentence for the conviction of "Willie D. Carr" for robbery with firearms as proof of the prior felony. In its first instruction to the jury in this phase, the court stated that:
 
 
 4
 the burden of proof is upon the State of Oklahoma to prove each prior conviction upon which it relies by evidence to your satisfaction, beyond a reasonable doubt.
 
 
 5
 In its second instruction, the court stated that:
 
 
 6
 for purposes of proof of former conviction, identity of name of the Defendant and the person previously convicted is prima facie evidence of identity of person, and, in absence of rebutting evidence, supports a finding that the persons are one and the same. The question of identity is for the jury upon consideration of all surrounding circumstances, including commonness or unusualness of the name, character of the former crime(s); and place(s) of commission.
 
 
 7
 Carr now challenges the second instruction. In his habeas corpus petition, Carr contends that his fundamental rights to Due Process under the Fourteenth Amendment to the United States Constitution were violated, insofar as the burden of proving that he was not the person convicted of the prior felony was improperly shifted to him. Carr claims that because the name on the prior judgment and sentence, "Willie D. Carr," is not literally identical to "Willie Dwayne Carr," the State of Oklahoma did not sufficiently prove identity and the second jury instruction should not have been given to enhance his sentence. At trial, Carr did not object to the admission into evidence of the prior judgment and sentence, did not object to this instruction, and did not request any alternative instruction.
 
 
 8
 The State of Oklahoma responds that it retained the burden of persuasion beyond a reasonable doubt throughout the trial, and that for purposes of the penalty phase, it was constitutional to require Carr to produce some evidence that he was not the individual named in the prior judgment and sentence. We agree.
 
 
 9
 The United States Supreme Court has expressed a willingness to uphold, under the Due Process Clause, various state recidivism statutes. Parke v. Raley, 113 S.Ct 517 (1992).
 
 
 10
 States have a valid interest in deterring and segregating habitual criminals.... [A] charge under a recidivism statute does not state a separate offense, but goes to punishment only.... [W]e have repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'
 
 
 11
 Id. at 522 (quoting Spencer v. Texas, 385 U.S. 554, 560 (1967)).
 
 
 12
 In Parke, in a denial of a habeas corpus petition, the Court upheld a Kentucky recidivism statute that required the defendant to shoulder some of the burden by producing some evidence that the prior conviction was invalid. Parke, at 525-26. "[E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Id. at 524. Therefore, it was proper, once the state proved the fact of prior conviction, to require the defendant to produce some evidence of the invalidity of the prior judgment before the burden of production shifted back to the prosecution. Id. at 525-26. See also Mansfield v. Champion, 992 F.2d 1098, 1106 (10th Cir.1993) (concluding that the Kentucky procedure approved by the United States Supreme Court in Parke was virtually identical to the Oklahoma recidivism procedure.)
 
 
 13
 In Parke, the Court also gave a sampling of state court decisions in recidivism proceedings and analogous federal circuit court decisions under the Federal Sentencing Guidelines to highlight the possible range of approaches to the burden of proof issue. Parke, at 525. Stated the Court, "this range ... certainly does not suggest that allocating some burden to the defendant is fundamentally unfair." Id.
 
 
 14
 Though Parke addressed the actual validity of a prior conviction, the constitutionality of shifting the burden of production is applicable here. Under Oklahoma law, the presentation of a certified copy of a judgment and sentence with the identical name as the accused is prima facie evidence that they are the same person, and in the absence of rebutting testimony, supports a finding of such identity. Williams v. State, 364 P.2d 702, 704 (Okla.Crim.App.1961). The burden of persuasion, however, remains with the state throughout to prove beyond a reasonable doubt that the accused has been previously convicted of a felony before the jury may use the conviction to enhance the accused's sentence. Mansfield, 992 F.2d at 1105 (citing Mitchell v. State, 659 P.2d 366, 369 (Okla.Crim.App.1983)).
 
 
 15
 The question of identity of name is to be determined by the jury upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission. Williams, 364 P.2d at 704. There can be identity of name even though the middle initial may be missing from the prior judgment and sentence. Dodson v. State, 674 P.2d 57, 59 (Okla.Crim.App.1984). However, when presenting judgments from other jurisdictions or when the felonies are different, identity of name may not be sufficient prima facie evidence. See, e.g., Cooper v. State, 810 P.2d 1303 (Okla.Crim.App.1991) (holding that the convictions of "Cecil Cooper, Jr." in California and "Cecil Cooper" in Illinois for rape were insufficient to show identity with "Cecil Cooper" in Oklahoma who was convicted of unlawful delivery of cocaine and marijuana).
 
 
 16
 Here, the State of Oklahoma introduced the prior judgment and sentence as prima facie evidence of identity. This conviction was for the same offense and was obtained in the same state. Carr then failed to produce any rebuttal evidence that he was not the "Willie D. Carr" who had been convicted of robbery with firearms in 1980. It is interesting to note that Carr has used the names: "Willie Dwayne Carr," "Willie Dwayne Carr," and "Willie D. Carr" in the pleadings and briefs of this case. We hold that the names "Willie Dwayne Carr" and "Willie D. Carr" are sufficiently identical under the circumstances.
 
 
 17
 The jury instructions as a whole properly placed the burden of persuasion solely on the state. The first instruction specifically stated that the state had the burden of proving each prior conviction beyond a reasonable doubt. The second instruction merely shifted the burden of production, not persuasion, to Carr, and therefore did not violate the Due Process Clause of the United States Constitution.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3