39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earnest Eugene PADILLOW, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-5000.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the district court's denial of his petition for a writ of habeas corpus. In Oklahoma state court, he was convicted of kidnapping and of feloniously pointing a weapon. He petitioned for habeas corpus relief in district court pursuant to 28 U.S.C. 2254. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Petitioner alleges two errors by the district court. He first asserts that the district court wrongly concluded that the evidence was sufficient to support his conviction in Oklahoma state court. He next contends that the district court erred in finding that his right to the effective assistance of counsel was not denied. Petitioner focuses his ineffective assistance claim on the fact that his attorney did not appeal his conviction on the grounds of double jeopardy or insufficient evidence of prior felony convictions.
 
 
 4
 In order for a federal court to grant the writ of habeas corpus, the petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Petitioner's first claim--that the evidence was insufficient to support his conviction--does not allege a violation of the Constitution. As such, we decline to examine petitioner's insufficiency of the evidence claim.
 
 
 5
 In order to overturn a conviction based on the ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner has not met his burden here.
 
 
 6
 Petitioner's contention that counsel was ineffective because he did not appeal on double jeopardy grounds does not meet the Strickland test. In assessing a double jeopardy claim, we apply the test set forth in Blockburger v. United States, 284 U.S. 299 (1932). Double jeopardy violations occur when "[e]ach of the offenses created requires proof of a different element." Id. at 304. In other words, "the Blockburger test provides that offenses charged are identical in law and fact only if the facts alleged in one would sustain a conviction if offered in support of the other.' " United States v. Mintz, 16 F.3d 1101, 1104 (10th Cir.) (quoting United States v. Puckett, 692 F.2d 663, 667 (10th Cir.), cert. denied, 459 U.S. 1091 (1982)), cert. denied, 114 S.Ct. 2760 (1994). "In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir.1993).
 
 
 7
 In this case, petitioner's claim does not violate the Blockburger test. Petitioner's convictions can be based on two separate actions. When petitioner used a handgun in an attempt to extricate Larthee Johnson from Johnson's car, petitioner could have been convicted for feloniously pointing weapon. See Okla. Stat. Ann. tit. 21, 1289.16 (West 1983). Moments later, when petitioner used the gun to force Johnson to drive away, petitioner could have been convicted of kidnapping. See Okla. Stat. Ann tit. 21, 741 (West 1983). Because two separate acts could be used to convict petitioner of these two crimes, we find it unnecessary to inquire whether the offenses contained the same elements.
 
 
 8
 Finally, petitioner contends that counsel was ineffective because counsel did not appeal on the sufficiency of evidence regarding petitioner's three prior felony convictions. For prior felony convictions, the Oklahoma Court of Appeals has held that the state bears the burden of proving that a defendant on trial is the same person listed on a prior Judgment and Sentence. Cooper v. State, 810 P.2d 1303, 1306 (Okla.Crim.App.1991). Moreover, "[m]erely introducing the Information and the Judgment and Sentence of a prior trial is not sufficient to discharge the burden resting on the State." Id.
 
 
 9
 The state can meet its burden, however, "solely upon the uniqueness of [a defendant's] name." Battenfield v. State, 826 P.2d 612, 614 (Okla.Crim.App.), cert. denied, 112 S.Ct. 1491 (1992). Here, petitioner's name is unique, and he has put forth no evidence calling into question whether the prior convictions were his. Petitioner has not shown that the Oklahoma Court of Criminal Appeals would have overturned his conviction had counsel appealed on this ground and therefore was not prejudiced by counsel's decision not to appeal.
 
 
 10
 The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order file November 29, 1993. 151 F.R.D. 470