**UNITED STATES COURT OF APPEALS**
**Filed 8/2/96**
**TENTH CIRCUIT**

_____

GREGORY EUGENE TOLIVER,

    Petitioner-Appellant,

v.

EDWARD L. EVANS, Warden,

    Respondent-Appellee.

No. 96-5016
(D.C. No. 94-C-877-H)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gregory Eugene Toliver, an Oklahoma state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated, we grant Mr. Toliver's application for a certificate of appealability and affirm.[1]

On September 23, 1988, an Oklahoma jury convicted Mr. Toliver of two counts of robbery with firearms, and he received two consecutive twenty-year sentences. The Oklahoma Court of Criminal Appeals affirmed. Mr. Toliver later applied for post-conviction relief in state court, asserting there was insufficient evidence to support the jury's finding he had suffered certain prior convictions which were used to enhance his sentence. In his application for post-conviction relief, Mr. Toliver relied on *Cooper v. State*, 810 P.2d 1303 (Okla. Crim. App. 1991), a case decided while his direct appeal was pending. In *Cooper*, the government introduced certified copies of two judgments of conviction, one from California and one from Illinois. *Id.* at 1305-06. The California judgment listed the defendant's name as "Cecil Cooper, Jr.," whereas the Illinois judgment listed

---

[1] Pursuant to 28 U.S.C. § 2253(c)(3), as amended by § 102 of the Antiterrorist and Effective Death Penalty Act of 1996, Pub. L. 104-132, tit. I, § 102, 110 Stat. 1214 (1996), we find Mr. Toliver has made a "substantial showing" the sentencing enhancement in question violated his Fourteenth Amendment due process rights.

it as "Cecil Cooper." *Id.* The court held that "in addition to identity of name [*i.e.*, between the defendant and the individual named in the judgment of conviction], there must be other facts and circumstances for the jury to consider in reaching their verdict." *Id.* at 1306. Because the names on the two judgments of conviction were different and "there were absolutely no other facts and circumstances for the jury to consider in making its determination whether [Mr. Cooper] was the one and same as the person listed on the Judgment and Sentences," the court held there was insufficient evidence to support the finding he had suffered the prior convictions in question. *Id.*

The Oklahoma Court of Criminal Appeals ordered the District Court of Tulsa County to enter findings of fact and conclusions of law regarding whether the jury's finding Mr. Toliver had suffered prior convictions was supported by sufficient evidence in light of its holding in *Cooper*. The Tulsa District Court complied and, in light of its findings, denied Mr. Toliver's application for post-conviction relief. Specifically, the Tulsa court concluded *Cooper* was distinguishable because there was additional support for the jury's verdict in Mr. Toliver's case, namely (1) Mr. Toliver has an unusual name and his name is the same as the name shown on the judgments of conviction; (2) the judgments of conviction showed the defendant's birth date as June 24, 1961, and the district

court found the jury could reasonably infer Mr. Toliver's birth date was the same; (3) the crimes reflected in the judgments of conviction was of the same type and character and occurred in the same general area as that for which the jury convicted Mr. Toliver; and (4) Mr. Toliver did not object to the introduction of the judgments of conviction during trial. The Oklahoma Court of Criminal Appeals upheld the Tulsa District Court's findings of fact and affirmed the denial of post-conviction relief.

Having thus exhausted the remedies available under state law, Mr. Toliver filed a federal petition for a writ of habeas corpus, alleging there was insufficient evidence to support the jury's finding he had suffered the convictions in question in light of *Cooper*, and that the enhancement therefore violated his rights under the due process and equal protection clauses of the Fourteenth Amendment. The district court denied the petition on the grounds (1) Mr. Toliver had failed to demonstrate his federal constitutional rights had been violated; (2) that in any event there was sufficient evidence to support the jury's verdict under Oklahoma law; and (3) the state court's finding there was sufficient evidence to support the verdict was entitled to a presumption of correctness.

Having reviewed the district court's order dated November 7, 1995, we

conclude its decision was correct, and we **AFFIRM** for substantially the same reasons as are stated therein.  A copy of the district court's order is attached.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge